

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 31, 2015

The Honorable Deborah A. Batts
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

      Re:    **<u>United States v. Scott Allen</u>, 11 Cr. 997 (DAB)**

Dear Judge Batts:

      On October 16, 2015, Defendant Scott Allen submitted a supplement to his August 15, 2012 sentencing submission. The supplement largely updates the Court on changes in Allen's personal circumstances, and reasserts arguments for leniency contained in the earlier submission. The Government has no information or light that it can shed on the defendant's updated description of his personal circumstances.  As for the remaining arguments, the Government has already addressed them in its own September 12, 2015 sentencing submission, including the Government's position that Allen's ordinary participation with law enforcement in the investigation of a crime of which his company was the victim does not qualify as "substantial assistance" meriting leniency.  Accordingly, the Government has nothing to add to its initial sentencing submission and respectfully relies on the arguments in that submission.

      As to the Guidelines range, however, the Government agrees with Allen's assertion at footnote 1 of his supplemental submission that the November 1, 2015 amendments to the Sentencing Guidelines have the effect of reducing Allen's offense level by two levels from 23 to 21.  In the plea agreement between Allen and the Government, the parties agreed that the offense level was 23 based, in part, on a 16-level enhancement pursuant to Section 2B1.1(b)(1)(J) because the gain foreseeable to Allen was between $1 and $2.5 million.  Although the parties did not specify the source of that figure in the plea agreement, it was based on the agreement between the parties that the only gain that was foreseeable to Allen was the $1,180,000 in insider trading profits reaped by Allen's direct tippee, John Bennett, and not the additional profits of approximately $1.4 million reaped by another individual to whom Bennett passed along the tip.  Although, at the time, a gain of $1,180,000 resulted in a 16-level enhancement, the loss table in Section 2B1.1(b)(1) was amended effective November 1, 2015, and a gain of that amount now only results in a 14-level enhancement.  Accordingly, Allen's offense level is 21, not 23, and the applicable Guidelines range is 37 to 46 months, not 46 to 57 months.

The Honorable Deborah A. Batts
December 31, 2015
Page 2 of 2

The Government respectfully requests that this case be scheduled for sentencing.

                                              Respectfully submitted,

                                              PREET BHARARA
                                              United States Attorney
                                              Southern District of New York

                                       By: /s/ Michael A. Levy
                                              Michael A. Levy
                                              Assistant United States Attorney
                                              Southern District of New York
                                              (212) 637-2346

cc:     Brian McEvoy, Esq. (by e-mail)